WILLIAM J. HILL AND MINNIE McDONALD, AS EXECUTORS, ETC., OF JOHN McDONALD, DECEASED, RESPONDENTS, v. CHARLES L. WOOLSEY AND OTHERS, APPELLANTS.

*Evidence — when the testimony of a party interested in the result is inadmissible — Code of Civil Procedure, sec. 829.*

This action was brought by the executors of one McDonald against the three sureties upon a lease, given by the deceased to Carpenter & Wise, to recover rent due thereon. It was defended by two of the sureties, upon the ground that the sureties had been induced to sign the lease by the false and fraudulent representations of the lessor. Upon the trial, evidence was given showing that when the lessees applied to the three sureties to become responsible for the payment of the rent, one of their number, Woolsey, requested that the lessees go to McDonald and ask for the amount taken in at the bar of the hotel in the previous year, when kept by McDonald. They went to McDonald and obtained the answer. On the trial the defendants offered, but were not allowed, to prove the communication of the same to the two defendants' sureties.

*Held*, that the evidence was properly excluded under section 829 of the Code of Civil Procedure.

That the lessees were interested in the result, as it appeared that they were in possession of the hotel, so that a judgment in favor of the sureties would leave them in possession thereof, and a judgment against the sureties would bind them.

That, being so interested in the result, they could not repeat the representations of the deceased, made to them when acting as the agents of the sureties.

APPEAL from a judgment, entered at the Kings County Circuit on a verdict directed by the court in favor of the plaintiffs, for $1,314.09, balance due for the rent of a furnished hotel at Coney Island, leased by John McDonald, the plaintiff's testator, to the firm of Carpenter & Wise.

In consideration of the letting of the premises, the defendants agreed in writing with the lessors to pay any arrearages of rent. Two of the defendants answered, not denying the allegations in the complaint, but alleging, as a defense, that the tenants were induced to enter into the lease, and that they were induced to become sureties for the payment of the rent, by reason of the false and fraudulent representations made by the lessor.

*Wm. J. Gaynor,* for the appellants.

*Carpenter & Roderick,* for the respondents.

BARNARD, P. J. :

This action is one against the sureties of the lessees, upon a hotel lease, for the rent. The landlord who made the lease was one McDonald, who is represented by the plaintiffs.

Two of the sureties answer. Woolsey Sherman and the other surety, Schoonmaker, appeal from the judgment. The answer of the two sureties sets up fraudulent representations made by McDonald, by reason of which the sureties were induced to sign the lease as sureties. Upon the trial it appeared that Carpenter & Wise, the lessees, applied to the three sureties to become responsible for the payment of the rent. Woolsey, one of their number, requested that the lessees go to McDonald and ask for the amount taken in at the bar of the hotel in the previous years, when McDonald kept the hotel. They went and obtained the answers, and offered to prove the communication of the same to the two defending sureties. This evidence was objected to and excluded under section 829 of the Code of Civil Procedure. It appeared that the lessees were in possession of the hotel, and therefore were interested in the result, because a judgment in favor of the sureties would leave them in possession of the hotel, and a judgment against the sureties bound them. The witness Wise, one of the lessees, was incompetent to carry the message to the sureties. He could not testify to the representations made by McDonald to him. That was a clear personal transaction with a deceased party to the contract. As the agent of the sureties, being a party in interest, he could not repeat back the representations of the deceased. As an independent witness, he was excluded on his own account, as a

party interested in the result. It is true, that if McDonald was alive he could not deny what Wise told the sureties in his absence, but he could deny the conversation, and the validity of the testimony depended upon the declarations of McDonald.

The judgment should therefore be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.